NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| David G. Castillo Sanchez, Petitioner, v. Merrick B. Garland, U.S. Attorney General, Respondent. | No. 21-1193 Agency No. A213-080-311 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner David G. Castillo Sanchez seeks review of the Board of Immigration Appeals' (BIA) denial of his claims for asylum, withholding of removal and relief under the Convention Against Torture (CAT). He also argues the BIA erred in failing to terminate the removal proceedings because his Notice to Appear was deficient. We have jurisdiction under 8 U.S.C. § 1252(a), and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny the petition.

1. ***Request to terminate proceedings.*** Our precedent forecloses Castillo Sanchez's argument that the agency lacked jurisdiction over his removal because his Notice to Appear was deficient. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of [a notice to appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction.").

2. ***Asylum and Withholding of Removal.***

**A. *Past Persecution.*** "Unfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). Indeed, we generally find that threats constitute persecution where the threats are "repeated, specific and combined with confrontation or other mistreatment." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (internal quotation marks and citation omitted).

The threats Castillo Sanchez and his family faced came from multiple distinct actors, were not accompanied by any physical harm, and some came in circumstances that otherwise cast doubt on any intent to fulfill the threats. In two incidents identified by Castillo Sanchez, gang members threatened him and his ministry while they were proselytizing but nevertheless allowed the ministry to continue its work. Even aggregated with Castillo Sanchez's other alleged threats—a threatening anonymous text and a threat and demand for an extortion payment—the threats Castillo Sanchez received do not rise to the level of

persecution under our precedent. *See Duran-Rodriguez*, 918 F.3d at 1028 (no past persecution where petitioner had been threatened with death over the phone and in person by armed gang members); *Sharma v. Garland*, 9 F.4th 1052, 1063–64 (9th Cir. 2021) (no past persecution where petitioner had suffered multiple threats, arrest and detention, and beating).

**B. *Nexus.*** To establish eligibility for asylum and withholding of removal, a petitioner must establish a "nexus" between his feared future persecution and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). In other words, failure to establish a nexus is fatal to a claim for both asylum and withholding. *See id.* at 360; *see also Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Castillo Sanchez's argument that he will face persecution because of his familial relationship fails because the harm he alleges—retaliation for not making extortion payments—bears no relation to his family membership, particularly where he testified such extortion demands are made to anyone with a perceived income. *See Zetino*, 662 F.3d at 1016 (holding harm motivated by theft bears no nexus to a protected ground). And the record does not compel the conclusion that Castillo Sanchez's other proffered protected grounds, all related to his church membership, bear a causal connection to his feared persecution. The threats Castillo Sanchez faced in the past were not directly tied to animus regarding his religious views or church membership—particularly given the gang members allowed Castillo Sanchez and his ministry to continue their services. Rather, the

3

threats made in person can reasonably be seen as prompted by Castillo Sanchez's travel through dangerous gang-controlled territory in which violent crime was known to be rampant. And while the anonymous text message mentions Castillo Sanchez's church, the threat made was not in reference to his church membership or views. Like harm motivated by theft, harm from random gang violence lacks a nexus to a protected ground. *See id*.

3. ***CAT.*** "CAT protection cannot be granted unless an applicant shows a likelihood of torture that is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (internal quotation marks and citation omitted). The record does not compel the conclusion that Castillo Sanchez would face torture at the hands of or with the acquiescence of government actors in El Salvador. Castillo Sanchez's feared harm is from gangs, and the police's offer to work with Castillo Sanchez's partner to try and catch the individuals who threatened and tried to extort their family undercuts Castillo Sanchez's contention that the government would acquiesce to his torture.

**PETITION DENIED.**